**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOEL AGUSTIN CARBALLO, | No. 17-72177 |
| Petitioner, | Agency No. A205-491-065 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2023[**]
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Noel Agustin Carballo ("Carballo"), a native and citizen of Nicaragua,

petitions for review of a decision of the Board of Immigration Appeals ("BIA").

The BIA affirmed the immigration judge's ("IJ") finding that Carballo's testimony

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was not credible. In the absence of credible testimony, the BIA affirmed the denial of Carballo's withholding of removal claim. The BIA also affirmed the IJ's alternative holding that Carballo did not establish a nexus to a protected ground. Finally, the BIA affirmed the IJ's denial of Carballo's claim for relief under the Convention Against Torture ("CAT") because his testimony was not credible and he did not show that it is more likely than not that he would be tortured if returned to Nicaragua.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings underlying the IJ's adverse credibility determination. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We apply the same standard to a determination that a petitioner is not eligible for withholding of removal or CAT protection. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (internal quotation marks and citation omitted). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. "[A]n adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034,

2

1040 (9th Cir. 2010). Inconsistencies that form the basis for the adverse credibility determination can be relatively minor and need not go to the heart of petitioner's claim for relief. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

The IJ cited at least three specific inconsistencies between Carballo's application and his oral testimony before the IJ. First, Carballo testified that in 2005, gang members assaulted him during a robbery and attacked him with a bottle after he refused the gang's recruitment attempts. But his written application did not include any information about these incidents. Second, Carballo testified that his brother was nearly killed by a gang when gang members sought information about Carballo's whereabouts and that this influenced his decision to leave Nicaragua. His written application did not include this information and instead stated that he left Nicaragua because of a dispute with his neighbor. Third, Carballo testified that his neighbor was never dangerous and that they resolved the dispute, despite the fact that his written application cited the dispute as his reason for leaving Nicaragua. When asked by the IJ to explain this discrepancy, Carballo became evasive and did not offer an explanation.

Because Carballo lacked credible testimony to support his withholding of removal claim, we affirm the BIA's denial of his withholding of removal claim. *Rodriguez-Ramirez v. Garland,* 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam)

3

("Substantial evidence also supports the BIA's conclusion that without credible testimony, Rodriguez-Ramirez failed to establish eligibility for asylum or withholding of removal."). We need not reach the IJ's alternative holding that Carballo's claim lacked a nexus to a protected ground.

We also affirm the BIA's denial of Carballo's CAT claim based on the adverse credibility finding. Carballo did not establish, as required under 8 C.F.R. § 208.16(c)(2), that it was more likely than not that he would be tortured if returned to Nicaragua. *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), *abrogated on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) ("Singh's claim under the CAT is based on the same statements he made regarding his claims for asylum and withholding of removal. Thus, it was proper for the IJ and the BIA to rely on the same adverse credibility determination in denying all of his claims.").

**PETITION DENIED.**